IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Rishawn Reeder, | ) | Case No. 9:25-cv-01424-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Levern Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On May 5, 2025, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 12. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report. ECF No. 14.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

The Magistrate Judge recommends summary dismissal of the instant Petition because it is a second and successive § 2254 action.  The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without recitation.  Because Petitioner filed objections, the Court's review has been de novo.

To be considered successive, the second habeas petition must be the second attack of the same conviction and the first habeas petition must have been finally adjudicated on the merits. See *In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006). "[A] dismissal of a [§ 2254] petition as untimely renders a subsequent petition successive." *Henderson v. Bazzle*, No. 9:08-cv-0978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. Apr. 29, 2008).  Under the Anti-Terrorism and Effective Death Penalty Act of 1996, "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the

2

appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (citing 28 U.S.C. § 2244(b)(3)(A)). "A three-judge panel has 30 days to determine whether 'the application makes a prima facie showing that the application satisfies the requirements of' § 2244(b)." *Id*. (quoting § 2244(b)(3)(c)).

Petitioner's prior § 2254 petition was filed on March 29, 2017, and was denied on March 22, 2018. *Reeder v. Reynolds*, C/A No. 9:17-cv-00830-MBS. Accordingly, Petitioner's instant Petition is uncontrovertibly second or successive under § 2244(b), given the fact it was filed after the Court ruled on his first § 2254 action. Therefore, Petitioner was required to obtain leave from the United States Court of Appeals for the Fourth Circuit prior to filing this action. § 2244(b)(3)(A). Because Petitioner failed to obtain authorization from the Fourth Circuit before filing this action, this Court lacks jurisdiction to consider his Petition. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).

In his objections, Petitioner states that his case is "an exception case that causes the Court to act in regards to miscarriage of justice, fraud, actual innocence despite I have had a prior habeas corpus." ECF No. 14 at 1. This argument seems to be based upon the portion of the Magistrate Judge's explanation of when a successive habeas petition may be considered. ECF No. 12 at 4. The Magistrate Judge states that "[a] petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law . . . or, is the claim is based on newly

3

discovered evidence, where the petitioner can make a prima facie showing of both cause and prejudice within the meaning on § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii)." *Id.* However, Petitioner's argument ignores the next sentence in which the Magistrate Judge further explains that "even if Petitioner could show that his grounds satisfies these strict requirements, the Fourth Circuit is still the proper tribunal to make that decision when authorization is requested . . . ." *Id.*  Accordingly, Petitioner's objections are overruled.

Petitioner also states that he would like reconsideration of his prior petition pursuant to Federal Rule of Civil Procedure 60(b)(1) and (2).  ECF No. 14 at 3.  As an initial matter, Petitioner chose to file a separate action and has not filed a Rule 60(b) motion in his prior case.  Further, any motion brought pursuant to Rule 60(b)(1)–(3) is untimely.  *See* Fed. R. Civ. P. 60(c)(1).  Moreover, even if the undersigned construed Petitioner's arguments as a motion under Rule 60(b)(4)–(6), the Court is of the strong opinion that such a motion would truly be an unauthorized second or successive § 2254 petition.  *See Bixby v. Stirling*, 90 F.4th 140 (4th Cir. 2024).  Accordingly, any 60(b) motion is dismissed for lack of subject matter jurisdiction.

Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Report's recommendation.  The Petition is **DISMISSED** without prejudice to Petitioner's right to seek authorization from the Fourth Circuit Court of Appeals to file a successive petition, and without requiring Respondent to file an answer or return.

**CERTIFICATE OF APPEALABILITY**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 26, 2025
Spartanburg, South Carolina